## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> SOL AZTECA MEXICAN RESTAURANT, INC., and ALKET KOCI, individually, <br><br> Defendants. | Case No. 11-1046 |

### **O R D E R**

This matter is now before the Court on Plaintiff's Motion for Summary Judgment. For the reasons set forth below, the Motion for Summary Judgment [48] is DENIED. Defendant Sol Azteca Mexican Restaurant ("Sol Azteca") has already entered into a stipulated judgment with Plaintiff, leaving Defendant Koci to defend the present motion.

### BACKGROUND

From December 11, 2007 through December 10, 2009, Wage and Hour conducted an investigation under the FLSA, which is the subject of this action. Investigator Todd Svacina ("Svacina") conducted the investigation. During the investigation period, Koci was a Manager at Sol Azteca. Koci provided Wage and Hour with time and payroll documents that had been requested during the investigation, hired employees on behalf of the corporation, and provided employees with information as to how to submit their time sheets/cards and how checks would be distributed. At

times, Koci supplied payroll information to Sol Azteca's accountant, distributed checks to employees, and answered employee questions regarding pay practices.

Accountant Tonya Sanders was responsible for servicing the account in providing bookkeeping services. The payroll process involved sending Sol Azteca a blank payroll sheet which was filled out and faxed to the payroll department. The accountant then sent out the completed payroll journal and checks, along with a blank sheet for the following payroll.

At all relevant times, Sol Azteca was an Illinois corporation, an enterprise within the meaning of § 3r of the FLSA, engaged in commerce, and had an annual dollar volume of not less than $500,000 for each year during the relevant time period. The Secretary of Labor is authorized to bring an action in Federal court to recover unpaid minimum wage and overtime compensation, as well as an equal amount of liquidated damages and injunctive relief.

The Secretary filed his Complaint in this matter on February 8, 2011, alleging that Sol Azteca willfully violated the FLSA by paying many of its employees wages at rates less than $5.85 an hour from December 11, 2007 through July 23, 2008, less than $6.55 an hour from July 23, 2008 through July 23, 2009, and less than $7.25 an hour thereafter. Sol Azteca also purportedly failed to pay employees at rates not less than one and one-half times the regular rate of pay during weeks in which the employees worked longer than 40 hours. Sol Azteca is also alleged to be in violation of the FLSA for failing to make, keep, and preserve adequate and accurate records as prescribed by regulations. The Secretary seeks the sum of $285,147.99 in unpaid minimum and overtime wages to former employees plus the additional sum of $285,147.99 in liquidated damages. Sol Azteca is no longer in business, and its corporate form has been dissolved.

Plaintiff has moved for summary judgment. The matter is fully briefed, and this Order follows.

## STANDARD

Summary judgment should be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. In ruling on a motion for summary judgment, the Court must view the evidence on record in the light most favorable to the non-moving party. *SMS Demag Aktiengesellschaft v. Material Sciences Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences reasonably drawn from the facts must be construed in favor of the non-movant. However, any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir. 1988); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009).

It is not the Court's function to scour the record in search of evidence to defeat a motion for summary judgment. The moving party has the responsibility of identifying portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. If the evidence on record could not lead a reasonable jury to find for the non-moving party, then no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997). At the summary judgment stage, however, the "court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts." *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007).

## DISCUSSION

The Secretary contends that Koci is an employer under the FLSA and, as such, is jointly and severally liable for the violations and back wages. Two or more employers may jointly employ the employee, and all joint employers are individually responsible for compliance. Falk v. Brennan, 414 U.S. 190, 195 (1973); 29 CFR § 791.2(a). The determination of whether a party is an "employer" is a question of law that involves a review of the underlying facts. Karr v. Strong Detective Agency, Inc., 787 F.2d 1205, 1206-07 (7th Cir. 1985). The focus is on the "economic realities" of the situation. Id.

Regulations direct that a joint employment relationship will be found to exist:

> (1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or
> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 CFR § 791.2(a). Of these options, subsection (2) would appear to be the most applicable in this case. The Seventh Circuit has interpreted this language to mean that "the supervisor who uses his authority over the employees whom he supervises to violate their rights under the FLSA is liable for the violation." Luder v. Endicott, 253 F.3d 1020, 1022 (7th Cir. 2001). In other words, an individual is an "employer" and therefore subject to individual liability under the FLSA if the individual had supervisory authority over the plaintiff and was at least party responsible for the alleged violation. Shockley v. Stericycle, Inc., 2013 WL 5325632, at * 4 (N.D.Ill. Sept. 19, 2013).

Exclusive control over all day-to-day affairs is not required. Id. "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise

is an employer, along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Driver v. AppleIllinois, LLC, 2012 WL 4175010, at * 5 (N.D.Ill. Sept. 19, 2012), *citing* Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983).  Other district courts in this Circuit have found liability where the individual has significant ownership interest and day-to-day control of the operations, "including involvement in the supervision and payment of employees." Id., *citing* Solis v. International Detective & Protective Serv., Ltd., 819 F.Supp.2d 740, 748-49 (N.D.Ill. 2011). Factors that are often considered in assessing the economic realities of the situation are: (1) the power to hire and fire; (2) supervision or control of employee work schedules or conditions; (3) determination of the rate and method of payment; and (4) the maintenance of employee records. Hernandez v. City Wide Insulation of Madison, Inc., 2006 WL 1993552, at *1 (E.D.Wis. July 14, 2006).

  Here, the undisputed facts indicate as follows.  Koci was a Manager at Sol Azteca.  He met with the investigator and provided him with time and payroll documents from the accountant that had been requested during the investigation.  Koci hired employees on behalf of the corporation and provided employees with information as to how to submit their time sheets/cards and how checks would be distributed.  At times, he supplied payroll information to Sol Azteca's accountant, distributed checks to employees, and answered employee questions regarding pay practices.  Koci, along with Jorge Trujillo and Rafael Solis, deposited signed payroll checks back into the account at Heartland Bank.

  Plaintiff has introduced evidence of witnesses' understanding that Koci was in charge of operations at Sol Azteca and was the day-to-day manager.  Leonardo Coronado has submitted a declaration indicating that he was not a manager, understood that Koci was the owner, that Koci was his supervisor and paid him a fixed salary in cash, that he never clocked in or recorded his hours, and

that Koci approved his days off. Javier Solis, a server, has submitted a declaration stating that he was hired and supervised by Koci, that Koci gave instructions to another manager regarding work schedules for employees and set the pay schedules, that Koci had him sign his check and give it back for deposit, and that Koci directed him to clock in two hours after he actually started working and clock out one or two hours before he actually stopped working. The corporation's attorney and accountant also indicate that they routinely dealt with Koci, as did the corporation's founding shareholders. This evidence is disputed by Koci.

Koci maintains that he was one of five employees with managerial authority at Sol Azteca and remained subject to the authority of the shareholders. He adamantly denies that he was ever an investor, shareholder, or officer of the corporation. Along with investor/shareholder Maria Gillen, Koci signed the lease agreement for the property on October 25, 2004. He was responsible for renewing the insurance and licenses for the business. Although he admits that he acted directly or indirectly in the interest of the corporation with respect to its employees and at times assigned work to the employees, he claims that he did not supervise or control the schedules, work assignments, or conditions of employment of the restaurant's employees, nor was he responsible for, in control of, or personally involved in the restaurant's day-to-day operations. Rather, he alleges that Leonardo Coronado, Rafael Solis, and Jorge Trujillo were responsible for assigning work to employees. While he may have been involved in maintaining some of Sol Azteca's employee records and authorized the payment of wages to employees, he asserts that he was not responsible for maintaining time cards and did not set employee pay rates or make any changes to employee pay rates. However, he has admitted that he consulted with the accountant regarding employee pay rates, and bank records reveal that Koci signed many of the paychecks during the relevant period. He also concedes that he sometimes cashed checks for employees at their request and then provided them with cash equaling

the full amount specified on the checks. Finally, Koci submits the affidavits of two Sol Azteca employees, both of whom state that they were paid for all time worked, were never directed to work "off the clock," have always been accurately compensated through wages and overtime pay when their hours exceeded 40 in one week, were never asked to return their paychecks to the corporation, and regularly asked the managers to cash their checks for them, receiving the full face value of the check in cash.

Koci asserts that his lack of a proven ownership interest alone is dispositive and precludes him from being considered an employer. However, "the FLSA has . . .been construed as extending to those 'who, though lacking a possessory interest in the 'employer' corporation, effectively dominate[] its administration or otherwise act[], or ha[ve] the power to act, on behalf of the corporation vis-a-vis its employees.'" Freemon v. Foley, 911 F.Supp. 326, 331 (N.D.Ill. 1995), *citing* Reich v. Circle C. Invs., Inc., 998 F.2d 324, 329 (5th Cir. 1993). Accordingly, the Court must apply the economic realities test to the totality of the circumstances to determine Koci's status.

Considering the record as a whole, Koci clearly demonstrates the first factor and some degree of the fourth factor of the economic realities test, as he has admitted that he hired employees and maintained some of the employee records. That being said, the applicability of the second and third factors is hotly contested. He concedes that as a manager, he at times provided employees with information as to how to submit their time sheets/cards, how checks would be distributed, supplied payroll information to Sol Azteca's accountant, consulted with the accountant regarding employee pay rates, distributed checks to employees, and answered employee questions regarding pay practices. The record also demonstrates that he signed most if not all of the paychecks during the time in question. Koci signed the lease along with one of the owners and was responsible for purchasing or renewing insurance and licenses. That being said, Koci flatly denies determining any

pay rates, ordering work to be performed off the clock, requiring paychecks to be signed back over to him, controlling the work assignments/schedules of employees, or otherwise maintaining responsibility for the day-to-day operations of the restaurant. To the extent that he submitted payroll information to the accountant, he merely transmitted the time cards and believed that she was maintaining appropriate records and issuing paychecks in accordance with the FLSA; he relied on the accountant to do so and was not made aware that any laws were not being followed.

A large number of Plaintiff's asserted facts in this case are based on witnesses' understandings and are therefore subject to credibility determinations, particularly those witnesses who had ownership interests or managerial authority in the corporation. Plaintiff also places substantial emphasis on stipulations contained within an Agreed Judgment with the corporate defendant. However, the Court has previously held that Koci was not a party to the Agreed Judgment and that any admissions of liability or wrongdoing contained therein would have to be established independently against Koci in order to bind him in this case. This case would appear to have some similarities to the issues decided in Reich, 998 F.2d at 329, where the Fifth Circuit affirmed a finding that an individual who did not have an ownership interest in the corporation, but who hired some employees, was identified by witnesses as their supervisor, gave instructions to employees, handled the money of the corporation, signed employees' payroll checks, and provided responses for the corporation during the investigation was an employer under the FLSA. However, the Court notes that Reich was decided following a bench trial rather than on summary judgment.

While reasonable inferences could be drawn in favor of Plaintiff and may in fact be drawn in favor of Plaintiff at trial, the Court is not permitted to do so on summary judgment. Given the factual disputes and issues of credibility and resolving all disputes in favor of the non-moving party, as the Court is required to do at this stage of the litigation, the Court finds the record to be

insufficient to support a conclusion as a matter of law that Koci qualifies as an employer under the economic realities test.

## CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment [48] is DENIED. This matter remains set for final pretrial conference on Thursday, December 12, 2013 at 2:30 pm.

ENTERED this 6th day of December, 2013.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge